UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES JERROD SPIKES | CIVIL ACTION |
| VERSUS | NO. 14-2839 |
| JASON WILLIAMS ET AL. | SECTION "H" (2) |

## REPORT AND RECOMMENDATION

Plaintiff, James Jerrod Spikes, is currently a prisoner incarcerated in the Concordia Parish Correctional Center in Ferriday, Louisiana. On a day when he was not incarcerated, he filed this complaint pro se and in forma pauperis on a "Form to be Used by a Prisoner in Filing a Complaint Under the Civil Rights Act" pursuant to 42 U.S.C. § 1983 seeking injunctive relief and compensatory damages against defendants, Jason Williams; police officers Tobey Leos and Kendall Bullen; District Attorney Walter Reed; Assistant District Attorney Leann Wahl and the Bogalusa Police Department. He alleges that defendants "conspired together to falsely arrest and imprison me based upon an August 5, 2013 incident." Record Doc. No. 1 (Complaint at ¶ IV, p. 4). Plaintiff alleges that he was arrested on that date, resulting in "false indictments" and "false warrants" to be issued against him. Record Doc. No. 1 at pp. 10, 12, 18, 26 and 28. Attached to the complaint are various police and court records, some of which are dated August 5, 2013, reflecting various arrest reports and warrants on different dates, but all occurring in July and August 2013.

**ANALYSIS**

I. <u>STANDARDS OF REVIEW</u>

A complaint is frivolous "if it lacks an arguable basis in law or fact." <u>Davis v. Scott</u>, 157 F.3d 1003, 1005 (5th Cir. 1998); <u>Reeves v. Collins</u>, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" <u>Macias v. Raul A. (Unknown), Badge No. 153</u>, 23 F.3d 94, 97 (5th Cir. 1994) (quoting <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989)). "'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" <u>Davis</u>, 157 F.3d at 1005 (quoting <u>McCormick v. Stalder</u>, 105 F.3d 1059, 1061 (5th Cir. 1997)).

In this case, plaintiff's Section 1983 complaint filed in forma pauperis must be dismissed under 28 U.S.C. § 1915(e) as legally frivolous because it lacks an arguable basis in law because all Section 1983 claims are barred by the applicable statute of limitations.

II. <u>PRESCRIPTION</u>

The district court may raise the limitations or prescription issue sua sponte in a suit filed in forma pauperis under 28 U.S.C. § 1915. <u>Wilke v. Meyer</u>, 345 F. App'x 944, 945

(5th Cir. 2009); <u>Lopez-Vences v. Payne</u>, 74 F. App'x 398, 2003 WL 22047325, at *1 (5th Cir. 2003) (citing <u>Gartrell v. Gaylor</u>, 981 F2d 254, 256 (5th Cir. 1993)). "'Dismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations.'" <u>Stanley v. Foster</u>, 464 F.3d 565, 568 (5th Cir. 2006) (quoting <u>Harris</u>, 198 F.3d at 156).

Spikes's written submissions allege clear dates on which the various incidents upon which he bases his claims occurred. Specifically, he alleges that the arrest he claims was a false arrest, resulting in his false imprisonment, occurred on August 5, 2013. He filed his complaint in this court more than one year later, on December 12, 2014. Record Doc. No. 1. Even if the mailbox rule applicable to prisoner suits was applied, his current lawsuit would be deemed filed in this court on December 9, 2014, the date he signed his complaint, Record Doc. No. 1 at p. 5, and could have placed it in the mail, more than 16 months after the subject arrest.

Although Section 1983 has no statute of limitations, the one-year Louisiana prescription statute, Louisiana Civil Code article 3492, applies to suits brought in federal court under Section 1983.

> Because there is no federal statute of limitations for § 1983 claims, the district court looks for comparison to the forum state's statute of limitations for personal injury claims. In Louisiana, personal injury claims are governed by La. Civ. Code Art. 3492, which provides for a prescriptive period of one year from the date of injury or damage.

Duplessis v. City of New Orleans, No. 08-5149, 2009 WL 3460269, at *4 (E.D. La. Oct. 26, 2009) (McNamara, J.) (citing Wallace v. Kato, 549 U.S. 384, 387 (2007); Wilson v. Garcia, 471 U.S. 261, 275 (1985); Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998); Moore, 30 F.3d at 620; Elzy v. Roberson, 868 F.2d 793, 794 (5th Cir. 1989)); accord James v. Branch, No. 07-7614, 2009 WL 4723139, at *10 (E.D. La. Dec. 1, 2009) (Duval, J.) (citations omitted).

Federal law determines when a Section 1983 claim accrues. Jacobsen, 133 F.3d at 319.

> For purposes of calculating the limitations period, a § 1983 cause of action accrues when the plaintiff knows or has reason to know of the injury which forms the basis of his action. The Supreme Court has held that prescription begins to run at the point when "the plaintiff can file suit and obtain relief."

Duplessis, 2009 WL 3460269, at *5 (quoting Wallace, 549 U.S. at 388) (citing Jacobsen, 133 F.3d at 319; Gonzales v. Wyatt, 157 F.3d 1016, 1020 (5th Cir. 1998)); accord Dixon v. Cooper, 260 F. App'x 728, 729 (5th Cir. 2007); Piotrowski v. City of Houston, 51 F.3d 512, 516 (5th Cir. 1995). Determination of when plaintiff knew or should have known of the existence of a possible cause of action has two factors: "(1) [t]he existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." Id.; accord Dixon, 260 F. App'x at 729. In the instant case, as a direct participant in the arrest about which he complains, occurring on August 5, 2013, there is no question that Spikes knew about his arrest when it occurred.

The date when the clerk of court receives the complaint, rather than the formal filing date, usually establishes the time of filing in forma pauperis complaints. Martin v. Demma, 831 F.2d 69, 71 (5th Cir. 1987). However, in the pro se prisoner context, a "mailbox rule" applies, so that the date when prison officials receive the complaint from the prisoner for delivery to the court is considered the time of filing for limitations purposes. United States v. Petty, 530 F.3d 361, 363 & n.1 (5th Cir. 2008); Stevenson v. Anderson, 139 F. App'x 603, 604 (5th Cir. 2005); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995).

In this case, the earliest date on which prison officials could have received Spikes's complaint for delivery to this court (assuming he was in jail on that date, despite his provision of a private address in his original filing, Record Doc. No. 1 at p. 3) is December 9, 2014, when he signed and dated his complaint and its attachments. Record Doc. No. 1 at p. 5. Giving Spikes the benefit of every doubt, his complaint is therefore considered filed and this action commenced on December 9, 2014, for limitations purposes under the mailbox rule.

In addition to applying the forum state's statute of limitations, federal courts should give effect to any applicable tolling provisions provided by state law. Lopez-Vences, 74 F. App'x at 398; Clifford v. Gibbs, 298 F.3d 328, 333 (5th Cir. 2002); Gartrell, 981 F.2d at 257. The running of prescription under Louisiana law may be suspended or tolled for equitable reasons, which have been expressed in the civilian legal

principle of contra non valentem.  Under this theory, there are four situations in which the one-year prescriptive period for delictual actions will not run:  (1) if there was some legal cause that prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action, (2) if there was some condition coupled with the contract or connected proceeding that prevented the creditor from suing or acting, (3) if the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action, and (4) if the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.  <u>Dominion Explor. & Prod. Inc. v. Waters</u>, 972 So. 2d 350, 358 (La. App. 4th Cir. 2007) (citing <u>Wimberly v. Gatch</u>, 635 So. 2d 206, 211 (La. 1994); <u>Plaquemines Parish Comm'n Council v. Delta Dev. Co.</u>, 502 So. 2d 1034, 1054-55 (La. 1987)).  Thus, the "doctrine of contra non valentem recognizes that in limited circumstances prescription should not run if good cause exists as to why plaintiff would have been unable to exercise or was lulled into not exercising a cause of action when it first became exigible." <u>Pracht v. City of Shreveport</u>, 830 So. 2d 546, 551 (La. App. 2d Cir. 2002).

In this case, Spikes's complaint may be deemed filed under the mailbox rule applicable to prisoner complaints on December 9, 2014. Accordingly, the one-year prescriptive period applicable to Section 1983 claims bars all claims about which Spikes knew or had reason to know before December 9, 2013, one year before the filing date. All of Spikes's claims in his complaint in this case involve and arise from his August 5,

2013 arrest. As a participant in the alleged incident, Spikes clearly knew about his injuries at the time they occurred, and well before the prescriptive period lapsed.

Spikes has provided no reason, and I can conceive of no basis on which, the doctrine of contra non valentem or equitable tolling might apply. For example, there is no legal cause that prevented the courts from taking cognizance of or acting on Spikes's action; there is no condition coupled with the connected proceeding that prevented plaintiff from acting in a timely manner; defendants did nothing to prevent Spikes from availing himself of his cause of action; and the cause of action was known or reasonably knowable to Spikes.

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE** as legally frivolous because it is barred by the applicable one-year statute of limitations.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v.

United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

New Orleans, Louisiana, this ___17th___ day of March, 2015.

                                                JOSEPH C. WILKINSON, JR.
                                      UNITED STATES MAGISTRATE JUDGE

---

[1] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.